UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Brandon Ross,

        Plaintiff,

v.                                                          Case No. 6:26-CV-00380-CRW-DTG

Century Oaks Apartments,

        Defendant.

## ORDER

Before the Court is Plaintiff Brandon Ross's Motion for Temporary Restraining Order and to Stay State Court Eviction Proceedings ("Motion"). Dkt. 2. The Court has reviewed the Motion, as well as the relevant facts and law. The Court finds that the Motion should be denied.

Plaintiff alleges that the state court eviction action infringes on his protected civil rights under the Fair Housing Act and violates his due process rights. *See id.* ¶¶ 4-5. Plaintiff alleges that Defendant has not "recognize[d] or reasonably accommodate[d] Plaintiff's support animal, thereby infringing upon Plaintiff's civil rights." Dkt. 1-1, ¶ 6. Plaintiff also alleges that the parties previously entered into a settlement agreement that "established an absolute ledger reset to $0.00 and included a permanent cease-and-desist regarding unannounced adverse conduct." *Id.* ¶ 7.

Plaintiff attached two copies of his notice of appeal filed in the Justice Court, Precinct 4 for Bell County, State of Texas. Dkt. 1-2 at 8-13. Plaintiff appealed the final judgment of eviction entered by the state court in cause number 26CCV00610 on June 3,

2026. *See id.* Then, Plaintiff filed this action seeking a stay of the eviction and a temporary restraining order.

Prior to reaching the merits of the Plaintiff's motion for temporary restraining order, the Court must first address a jurisdictional concern. *See Knoles v. Wells Fargo Bank, N.A.*, No. 4:12-CV-68, 2012 WL 1564947, at *1 (E.D. Tex. Mar. 8, 2012), *report and recommendation adopted*, No. 4:12-CV-68, 2012 WL 1565084 (E.D. Tex. Mar. 20, 2012), *aff'd*, 513 Fed. Appx. 414 (5th Cir. 2013). Under the *Rooker–Feldman* doctrine, this Court does not have the authority to interfere with a state court proceeding. *Id.* (citing *Chamberlain v. 625 Orleans, LP,* 2011 WL 1627080, *4 (E.D. Tex. Apr. 18, 2011)). "The *Rooker–Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.,* citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to "alter the status quo" by issuing "an injunction restraining the enforcement" of the county court's judgment. *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414 (5th Cir. 2013) (citation omitted).

Since the Plaintiff's requested relief would be a direct bar to the enforcement of the Justice Court, Precinct 4 for Bell County's Order, it is evident that the Plaintiff is directly attacking the underlying state court orders. *See Knoles*, No. 4:12-CV-68, 2012

WL 1564947, at *1. Further, the Plaintiff's claims are inextricably intertwined with the state court orders. *See id.* "*Rooker–Feldman* precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments." *Id.* (citation omitted). The Court finds that the Plaintiff is asserting a collateral attack on the orders of the state court; therefore, this Court does not have jurisdiction to grant the requested temporary restraining order. *See id.*

For these reasons the Court finds that Plaintiff's Motion for Temporary Restraining Order and to Stay State Court Eviction Proceedings should be denied.

So ordered on June 17, 2026.

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE